FILED
SUPERIOR COURT
OF GUAM

2023 JAN 30 PM 3: 17

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROMEO MENO HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ROSARIO BARCINAS ESTEVES-LAZAGA formerly known as ROSARIO BARCINAS ESTEVES,<br><br>Defendant. | CIVIL CASE NO. CV1261-19<br><br><br>DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter is before the Honorable Dana A. Gutierrez based upon Plaintiff Romeo Meno Hernandez's ("Mr. Hernandez") Motion for Summary Judgment. Present at the November 1, 2022 hearing were Attorney Jon Visosky representing Mr. Hernandez and Attorney Charles McDonald representing the Defendant Rosario Barcinas Esteves-Lazaga ("Ms. Esteves-Lazaga"). Upon review of the record and applicable law, the Court hereby **DENIES** the Plaintiff's Motion for Summary Judgment.

## BACKGROUND

On October 25, 2019, Mr. Hernandez filed a Complaint for Action to Quiet Title to Real Property and For Breach of Contract (the "Complaint"). On November 26, 2019, Entry of Default was entered against Ms. Esteves-Lazaga. On January 7, 2020, Mr. Hernandez filed an Application for Default Judgment Against Defendant. On January 8, 2020, Ms. Esteves-Lazaga filed an Opposition and Motion to Set Aside Entry of Default and Memorandum in Support of

Motion and Opposition. On February 5, 2020, Mr. Hernandez filed an Opposition to Defendant's Motion to Set Aside Entry of Default. On February 21, 2020, Ms. Esteves-Lazaga filed a Reply to Plaintiff's Opposition to Defendant's Motion to Set Aside Entry of Default. On February 25, 2020, the Court issued a Decision and Order granting the Defendant's Motion to Set Aside Entry of Default.[1] On March 10, 2020, Ms. Esteves-Lazaga filed an Answer to Complaint and Counterclaim (the "Answer"). On June 29, 2020, Mr. Hernandez filed an Answer to Defendant's Counterclaim.

On September 24, 2021, Mr. Hernandez filed a Motion to Amend Complaint[2] and Motion for Summary Judgment, and a Declaration of Romeo Meno Hernandez. On November 5, 2021, Ms. Esteves-Lazaga filed an Opposition to Motion for Summary Judgment (the "Opposition"), Non-Opposition to Motion to Amend, and Declaration of Defendant Rosario Barcinas Esteves-Lazaga ("Nov. 5, 2021 Declaration"). On December 1, 2021, the Court issued an Order Granting Motion to Amend Complaint. On December 14, 2021, Mr. Hernandez filed an Amended Complaint for Action to Quiet Title to Real Property and for Breach of Contract ("Amended Complaint"). On July 6, 2022, Mr. Hernandez filed a Reply re Motion for Summary Judgment (the "Reply"). On November 1, 2022, the Court held a hearing on the Motion for Summary Judgment. After hearing from the parties at the hearing, the Court took the matter under advisement.

## DISCUSSION

The issue before the Court is whether to grant Mr. Hernandez's Motion for Summary

---

[1] The Honorable Elyze M. Iriarte issued the February 25, 2020 Decision and Order. The case was reassigned to the Honorable Dana A. Gutierrez on December 21, 2020.

[2] Plaintiff's Motion to Amend Complaint sought to correct the Defendant's name to "Rosario Barcinas Esteves-Lazaga" after initially identifying Defendant as "Rosario Barcinas Esteves." Mot. to Am. Complaint, at 1 (September 24, 2021).

Judgment concerning his first cause of action for quiet title. Mot. for Sum. Judgment ("Mot. for S.J."), at 1, 3 (September 24, 2021). Mr. Hernandez claims that Ms. Esteves-Lazaga and her husband Alberto Fejeran ("Mr. Fejeran") signed Deeds of Gift with Assumption of Mortgage ("Deeds of Gift") to him, conveying their entire interest in the properties at issue. *Id.* at 3-4. In exchange for the Deeds, Mr. Hernandez agreed to pay an outstanding mortgage with Citibank to prevent foreclosure of the properties. *Id.* at 4-6. However, Mr. Hernandez claims that the Guam Department of Land Management has refused to accept the Deeds of Gift because the land description in the Deeds fails to properly reference the subdivision of the lots, an alleged "mutual mistake" of the parties. *Id.* While Mr. Hernandez claims that Mr. Fejeran signed a correction deed, Ms. Esteves-Lazaga refuses to sign a similar correction deed. *Id.* at 7. Therefore, Mr. Hernandez seeks to quiet title on the three lots and for reformation of the Deeds to reflect the correct subdivided lot numbers. *Id.* at 9-10.

Ms. Esteves-Lazaga challenges the quiet title action and Motion for Summary Judgment. Answer, at 1 (March 10, 2020); Opp'n. at 1 (Nov. 5, 2021). In her Answer, Ms. Esteves-Lazaga counterclaims for quiet title and conversion and raises multiple affirmative defenses, including unjust enrichment. Answer, at 5-7. In her Opposition, she reiterates four of these affirmative defenses: lack of consideration, fraud, undue influence, and mistake of fact. Opp'n at 5-6.

## A.     Standard for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Guam R. Civ. P.

---

[3] The Court notes that since the parties' filings, Guam Rules of Civil Procedure ("GRCP") Rule 56 was [a]mended pursuant to PRM 06-006-18 (July 18, 2022) and the language has changed. Despite the change of language, the Court is not aware that it would affect the substantive outcome of this matter, and the parties did not raise any arguments about the change in the rule at the November 1, 2022 hearing.

("GRCP") Rule 56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a fact-finder." *Camacho v. Perez*, 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26 (citing *Gayle v. Hemlani*, 2000 Guam 25 ¶ 20) (quotations omitted).

When reviewing a motion for summary judgment, "[the] court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.* "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. If the movant satisfies its burden, the burden shifts to the non-movant party to produce at least some significant probative evidence to support the pleadings. *Bank of Guam v. Flores*, 2005 Guam 25 ¶ 7. If, however, there are no genuine issues of material fact, the non-movant may not simply rely on allegations in the complaint, but must provide some significant probative evidence supporting the complaint. *Gutierrez*, 2015 Guam 8 ¶ 26.

B.  **While Mr. Hernandez Alleges Facts that Support a Quiet Title Claim, Ms. Esteves-Lazaga Raises Genuine Issues of Material Fact and Therefore, Summary Judgment Is Not Proper**

Mr. Hernandez argues the undisputed facts support his quiet title claim and that he is "entitled to summary judgment" and the Court should "quiet title to all three (3) lots . . . ." Mot. for S.J., at 9-10. Guam's Quiet Title statute 21 GCA § 25101 states:

> An action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse claim . . .

21 GCA § 25101. While the Supreme Court of Guam has not provided the specific elements for a quiet title claim, the statute requires a pleading that states: 1) the disputed estate or interest in property; 2) the person requesting a quiet enjoyment of title; 3) a claim in the disputed property; 4) against another person; 5) and their claim in the same property."[4] Opp'n, at 4.

Guam's Quiet Title statute is sourced from California Code of Civil Procedure ("CCP") Rule § 738.[5] *See* GRCP Rule 56; Cal. Civ. Proc. Code § 738.[6] When a Guam statute is derived from a California statute, California case law is persuasive authority. *Cruz v. Cruz*, 2005 Guam 3, ¶ 9. In *Robin v. Crowell*, the court noted that "the object of [a quiet title action] is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." *Robin v. Crowell*, 55 Cal. App. 5th 727, 740 (Ct. App. 2020). The California Supreme Court summed up the standard by simply stating "[i]n a quiet action the plaintiff must prove his title in order to recover." *Pac. States Sav. & Loan Co. v. Warden*, 117 P.2d 877, 879 (Cal. 1941).

Generally, deeds are instruments that convey property title. *See, e.g., In re Marriage of Wozniak*, 59 Cal. App. 5th 120, 135-36 (Ct. App. 2020) (discussing the validity of deeds in transferring title). Courts have found that "deeds granting property are to be interpreted like contracts." Mot. for S. J., at 8 (citing *Schwen v. Kay*, 155 Cal. App. 3d 949, 951-52 (Ct. App. 1984)); *see, e.g., Mitchel v. Brown*, 43 Cal. App. 2d 217, 221 (Ct. App. 1941) ("Deeds are to be

---

[4] This standard is cited in *Ji v. Garrido*, CV1007-09, at 5 (Super. Ct. Guam Oct.1, 2013). Opp'n, at 4.

[5] As of the date of this Decision and Order, the online version of the Guam Code Annotated ("GCA") cites the source of this statute as "CAP § 738." However, the Court notes that in previous published renditions of the GCA the source is stated as "CCP § 738." In addition, the Court notes that in the current online version, the subsequent quiet title statutes state the "CCP" as their source.

[6] The California statute was repealed in 1980 and superseded by Section 760.020, which contains similar language. *See* Cal. Civ. Code Proc. §§ 738, 760.020. "An action may be brought under this chapter to establish title against adverse claims to real or personal property or any interest therein." *Id.* at 760.020(a).

construed in like manner as contracts, and the intent of the grantor arrived at, if possible, from the terms set forth in the instrument.").

Therefore, contract defenses like undue influence can be raised to challenge the enforceability of deeds. 18 GCA § 85101 *et seq* (stating the grounds against the enforceability of contracts, include fraud, undue influence, lack of good consideration, and mistake of law); *see Hannah v. Guerrero* 2020 Guam 15 (distinguishing burdens of proof for invoking an undue influence defense against deeds of gifts); *see also Hawaiian Rock Products Corp.,* 2016 Guam 4 ¶ 43 ("Unclean hands due to misconduct of a plaintiff may preclude recovery on a quiet title action."); *Belli v. Bonavia,* 167 Cal. App. 2d 275 (1959) (finding that gift deed was improper due to undue influence between son and 87-year old mother in quiet title action).

1.      **Mr. Hernandez's Quiet Title Claim Is Supported By Certain Undisputed Facts**

Upon review of the parties' filings, the Court finds the following facts to be undisputed. In 1991, Ms. Esteves-Lazaga and Mr. Fejeran mortgaged their properties to Citibank. Mot. for S.J., at 4; Opp'n, at 2. In approximately July of 2013, Ms. Esteves-Lazaga moved to Washington State to be close to family. Mot. for S.J., at 4; Opp'n, at 2. In 2016, Citibank commenced foreclosure proceedings on the properties. Mot. for S.J., at 4; Opp'n, at 2. The remaining loan balance with Citibank was $25,197.73. Mot. for S.J., at 4; Opp'n, at 3. Ms. Esteves-Lazaga signed a Deed of Gift with Assumption of Mortgage and a Power of Attorney ("Deed of Gift") to Mr. Hernandez. Mot. for S.J., at 5; Opp'n, at 3. Mr. Hernandez paid Citibank the remaining loan balance due. Mot. for S.J., at 7; Opp'n at 5. The properties at issue include Lot No. 3421-2NEW-2-1, Lot No. 3421-2NEW-2-R1, and Lot No. 3421-2NEW-R3. Motion for S.J., at 5-6; Opp'n at 1-2.

The Court finds that based upon the undisputed facts Mr. Hernandez appears to articulate a basis of a quiet title claim over the properties. *See Hawaiian Rock Products Corp.*, 2016 Guam 4 ¶ 27. First, Mr. Hernandez identifies an interest in property—he claims the title over three property lots: Lot No. 3421-2NEW-2-1, Lot No. 3421-2NEW-2-R1, and Lot No. 3421-2NEW-R3. Next, he identifies the person requesting quiet enjoyment of title over said properties—himself. Third, he makes a claim on the properties at issue—his claim is based upon Deeds of Gift signed by Ms. Esteves-Lazaga and Mr. Fejeran, and that in return, Mr. Hernandez paid the remaining balance of $25,197.73 to Citibank, who had commenced foreclosure proceedings against the properties. Finally, Mr. Hernandez directs his claim against another person, who has a claim on the same properties—against Ms. Esteves-Lazaga, who signed a Deed of Gift but still claims an interest in the property lots. Therefore, the movant appears to meet his initial burden that there is a possible claim to quiet title, and the Court must now determine whether the non-movant has provided sufficient evidence that raises genuine issues of material fact regarding this claim. *See Bank of Guam v. Flores* 2005 Guam 25 ¶ 7 ("If the movant satisfies its burden, the burden shifts to the non-movant party to produce at least some significant probative evidence to support the pleadings.")

### 2.     Ms. Esteves-Lazaga Raises Genuine Issues Regarding the Deed of Gift

Ms. Esteves-Lazaga claims that "[g]enuine issues of material fact exist to preclude summary judgment." See *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26 ("A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . ."). She asserts that "the contract on which Plaintiff is suing is unenforceable because it was procured by Plaintiff's fraud, through his daughter, [Angelika] Hernandez Fejeran and son-in-law, misrepresented the nature of the document and Defendant

was unable to comprehend the meaning of the document to her."[7] Answer at 2-3. In her Answer, she also claims multiple affirmative defenses such as unjust enrichment and misrepresentation. *Id.* In her Opposition, Ms. Esteves-Lazaga expands upon certain defenses, especially undue influence. Opp'n at 2-6. With regard to the Motion for Summary Judgment, she claims that Mr. Hernandez "fails to identify or analyze how Defendant's assertions of lack of consideration, fraud, undue influence, and mistake of fact in relation to the signing of the Deed of Gift are not as a matter of law, material or without merit." Opp'n. at 5.

### a. Ms. Esteves-Lazaga Provides Specific Factual Allegations Not Merely Conclusory Statements

Ms. Esteves-Laza provides specific factual allegations concerning her challenge to the Deed in her filings. She claims that in 2016, the year the Deed was signed, she was "severely injured in a car accident and her health started failing and she became ill and reliant on medication and as a result encountered financial problems." Opp'n at 2. She alleges that she "fell behind on loan payments" and Citibank "commenced foreclosure proceedings in August 2016 on the properties." *Id.* In order to save her properties, she applied for "hardship assistance with Citibank" and "it was in the process of being granted." *Id.* at 3. However, she claims that Mr. Hernandez, through his daughter, Angelika and Ms. Esteves-Lazaga's son, "tricked, misled, and deceived Defendant into signing over her properties." *Id.* at 3. Ms. Esteves-Lazaga claims that she "was heavily medicated" when Angelika "took Defendant to her local credit union to sign documents." *Id.* In her Nov. 5, 2021 Declaration, she states that Angelika "took advantage of me" and that "I did not understand nor comprehend that the documents [Angelika] instructed me to sign would cause me to gift my properties to the Plaintiff, including my family home."

---

[7] The Court notes that while Ms. Esteves-Lazaga spelled Mr. Hernandez's daughter's name as Angelica, it is spelled as "Angelika" in Mr. Hernandez's filings.

Nov. 5, 2021 Decl. at 3. Furthermore, Ms. Esteves-Lazaga claims that she would have "received more money if the properties were sold by auction" rather than what Mr. Hernandez paid. Opp'n at 3.

Based upon these allegations, Ms. Esteves-Lazaga claims that the Deed of Gift is "questionable." Opp'n at 5. She claims that Mr. Hernandez's use of her trusted family members "unduly influenced her" by taking advantage of her "weakness of mind" in a time of "great physical and financial distress."[8] *Id.* at 5-6; Nov. 5, 2021 Decl. at 3.

In the Reply, Mr. Hernandez challenges Ms. Esteves-Lazaga's allegations. He argues that the transaction was fair and asserts that Ms. Esteves-Lazaga's "vague, conclusory argument" is "insufficient to avoid summary judgment." Reply, at 3-4. Instead, Mr. Hernandez claims that Rule 56 requires "specific facts showing that there is a genuine issue for trial." Reply, at 5; GRCP Rule 56. He also claims that the Court may not refer to parol evidence or extrinsic evidence when determining the validity of the Deed. Thus, due to these issues, he states broadly that there is also no genuine issue as to any material fact and Plaintiff is entitled to summary judgment as a matter of law. *Id.* at 7.

Mr. Hernandez is correct that conclusory statements cannot defeat a motion for summary judgment. *Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290 (2d Cir. 2008)* (citation omitted) ("[T]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation."). Instead, a party must provide "specific facts showing [that] there is a genuine issue for trial." *See* GRCP Rule 56. *But see Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 886-89 (1990) (finding in an action against the government that a wildlife group failed to plead sufficiently specific facts by claiming that their members' "recreational use and

---

[8] Ms. Esteves-Lazaga also presented claims of lack of consideration, fraud, and misrepresentation, but for the purposes of this Decision & Order, the Court will focus on the claim of undue influence.

aesthetic enjoyment . . . in the vicinity" of a 5.5 million acre stretch of federal land were adversely affected by mining activities on only 4,500 acres of the property); *Hawaiian Rock Products Corp.*, 2016 Guam 4 ¶ 39 (finding that there was no genuine issue of material fact when the parties "never provided any evidence in support of many of their affirmative defenses"). However, Mr. Hernandez incorrectly states that parol evidence is not admissible; parol evidence *is* admissible when invoking contract defenses like fraud and undue influence. *See* 18 GCA § 85101 *et seq; see also Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*, 55 Cal. 4th 1169, 1172 (Cal. 2013) ("[A]n established exception to the rule allows a party to present extrinsic evidence to show that the agreement was tainted by fraud.")

Upon review of the filings, the Court finds that Ms. Esteves-Lazaga provides specific factual allegations that support her counterclaims and defenses. Despite Mr. Hernandez's claim that Ms. Esteves-Lazaga only made a "vague, conclusory argument," the Court finds that Ms. Esteves-Lazaga alleges specific facts in her filings to support her position challenging the enforceability of the Deed. These arguments include being heavily medicated at the time of the signing of the Deed; being brought by Angelika, a person she trusted, to the credit union; not having the documents explained to her; being instructed to sign the documents while in physical and financial distress; and not being in the proper state of mind to understand the Deed of Gift or properly enter into a contract. Additionally, the Court must make inferences and view the evidence in the light most favorable to Ms. Esteves-Lazaga, the non-moving party. *See Gutierrez*, 2015 Guam 8 ¶ 26.

### b. Ms. Esteves-Lazaga's Undue Influence Defense Raises Genuine Issues Regarding the Deed of Gift

With regard to the undue influence defense, as stated above, Ms. Esteves-Lazaga provides specific allegations that Angelika and her son, on behalf of Mr. Hernadez, used their

position of trust to "unduly influence" her to sign the Deed of Gift. Mr. Hernandez challenges these allegations and claims it is Ms. Esteves-Lazaga's "burden to prove undue influence by clear, satisfactory and convincing evidence." Reply, at 6. Further, Mr. Hernandez claims that he "did not have a confidential relationship" with Ms. Esteves-Lazaga. Reply, at 7 (emphasis in original). Therefore, Mr. Hernandez concludes that "Defendant has not met her burden of proof as to her undue influence defense generally" and further states that "there is no genuine issue as to any material fact." Reply, at 6.

However, upon review, Mr. Hernandez appears to imply two incorrect conclusions: (1) that Ms. Esteves-Lazaga must prove her undue influence defense by clear and convincing evidence to survive a motion for summary judgment; and (2) a confidential relationship is required to prove an undue influence defense. First, the Court notes that Ms. Esteves-Lazaga does not need to prove her defense on the merits at this stage of the case; she simply needs to raise genuine issues of material fact in opposition to a motion for summary judgment. *See Gutierrez*, 2015 Guam 8 ¶ 26. Second, the Court notes that a claim of undue influence does not require a confidential relationship. The Supreme Court of Guam states that undue influence may occur in three situations:

1. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him;
2. In taking an unfair advantage of another's weakness of mind; or
3. In taking a grossly oppressive and unfair advantage of another's necessities or distress.

*Hannah v. Guerrero*, 2020 Guam 15 ¶ 17 (citing 18 GCA § 85311). As stated above, Ms. Esteves-Lazaga raises multiple factual allegations related to the elements of undue influence—she trusted the parties involved in the signing, she was heavily medicated and did not understand the documents, and she was in financial and physical distress at the time of the

signing due to the car accident and foreclosure proceedings. Viewing the facts raised by Ms. Esteves-Lazaga in the light most favorable to her, the Court finds that Ms. Esteves-Lazaga provides sufficient information to support an undue influence defense regarding the execution of the Deed of Gift. *See Gutierrez*, 2015 Guam 8 ¶ 26. Therefore, the Court finds that there are genuine issues concerning the enforceability of the Deed of Gift, which is a material fact for Mr. Hernandez's quiet title claim.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Plaintiff's Motion for Summary Judgment.

**SO ORDERED,** _____ IAN 3 0 2023

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
_____
_____
Date: _____ Time: 1/30/23

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam